USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __11/24/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

**MOSHA FARRIS, ET AL.**,

             **Plaintiffs,**

     -against-

**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL REINFORCING STEEL LOCAL 11,**

             **Defendant.**

------------------------------------------------------------ x

1:20-CV-01314 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

      The Court held a telephone status conference with the Parties on October 28, 2020 at 4:00 p.m. and subsequently ordered the parties to brief the issue of why Plaintiff should be allowed to proceed *pro se* as to CEC Steel Limited Liability Company ("CEC Steel") and why Plaintiff should be allowed to proceed in this venue. ECF No. 14. The Court is in receipt of the Parties' letters addressing the first issue. ECF Nos. 16-17. For the reasons discussed below, Plaintiff CEC Steel Limited Liability Company is ORDERED to appear through counsel by January 8, 2021.

      It is established that appearances in federal court are governed by 28 U.S.C. § 1654. *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). This statute "does not permit unlicensed laymen to represent anyone else other than themselves," including separate legal entities such as a corporation. *Id.* (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d Cir. 1991)) (internal quotation marks omitted). This reasoning has been extended to include limited liability companies. *Id.* at 140 ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the

1

partnership and corporate forms, a limit liability company also may appear in federal court only through a licensed attorney." (internal citations omitted)). That is true even where the limited liability company is solely-owned. *Id.* Lastly, courts that have considered the argument that a limited liability company's status as a "disregarded entity" for tax purposes permits a limited liability company to proceed *pro se* have flatly rejected that argument. *See, e.g.*, *Cluck-U, Corp. v. C.U.C. of Md., Inc.,* No. 10-cv-2105, 2010 WL 3516937, at *1 (D. Md. Sept. 7, 2010) ("The tax treatment of limited liability companies, whatever it may be, is plainly irrelevant to the issue of whether . . . *pro se* representation of [a limited liability company] is permitted. The applicable law is clear: as a limited liability company, [defendant] needs an attorney."); *Cluck-U Corp. v. Docson Consulting, LLC*, No. 11-cv-1295, 2011 WL 4073129, at *3 (M.D. Pa. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4072987 (M.D. Pa. Sept. 13, 2011); *Campanile Invs. LLC v. Westmoreland Equity Fund LLC*, No. 17-cv-00337, 2019 WL 1865287, at *2 (W.D. Tex. Apr. 25, 2019) (citing *Nest Int'l, Inc. v. Balzamo*, No. 12-cv-2087, 2012 WL 1584609, at *1 (D.N.J. May 3, 2012)).

      The Court has considered Plaintiff's arguments and finds them unavailing. Federal law governs appearances in federal court and thus Plaintiff's citations to state law are irrelevant. Additionally, while Plaintiff asserts that CEC Steel is a sole proprietorship, Plaintiff has offered no evidence supporting this assertion. Rather, based on Defendant's submissions, it appears that CEC Steel is a limited liability company under New York and New Jersey law. ECF No. 17, Exs. A & B. Lastly, as described above, CEC's status as a "disregarded entity" for tax purposes is irrelevant to whether CEC Steel may proceed *pro se*. Thus, under the applicable federal law, CEC Steel must appear through counsel.

Plaintiff CEC Steel Limited Liability Company is hereby **ORDERED** to appear through counsel by **January 8, 2020**. Mr. Farris is advised that CEC Steel's failure to do so will result in CEC Steel being dismissed from the case.

Defendant is hereby **ORDERED** to mail a copy of this order to Plaintiff and file proof of service by **November 30, 2020**.

**SO ORDERED.**

Dated: November 24, 2020
       New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**