UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHA C. FARRIS and CEC STEEL LIMITED LIABILITY COMPANY,

           Plaintiffs,

-against-

INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL REINFORCING STEEL LOCAL 11,

           Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/29/2022

20-cv-1314 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      This case concerns the resolution of a dispute between an employer, and the union with which it contracted. Plaintiff CEC Steel Limited Liability Company ("CEC") brings this suit against International Association of Bridge, Structural, Ornamental, Reinforcing Steel Local 11 (the "Union") seeking to two vacate arbitration awards.

      The following facts are taken from Plaintiff's Amended Complaint and assumed true for the purposes of this motion. Plaintiff contracted with the Union in connection with a project in New Jersey. This agreement is subject to a collective bargaining agreement ("CBA"). The CBA required Plaintiff to not only pay the wages of the unionized works but also make a contribution to a benefit fund. Plaintiff alleges that the Union did not provide skilled workers, which was a breach of the parties' agreement. CEC then sought nonunionized labor for the work.

      As a result, two separate arbitration demands were brought the Union and the Benefits Fund against CEC for its failure to abide by the CBA. The Union's demand concerned the use of nonunionized labor. The Benefits Fund's demand concerned the insufficient contributions made by CEC. brought an arbitration demand regarding CEC's use of non-unionized labor to complete the project. The arbitration proceedings began on August 27, 2019. Plaintiff's representative,

Mosha Farris, exited the hearings before they were completed. The proceedings continued. And the arbitrator ruled in favor of the Union and the Benefits Fund. Plaintiff filed suit, seeking to overturn these awards. Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor." *See, e.g.*, *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

**Plaintiff's Breach of Contract Claim is Subject to the CBA.**

Plaintiff's first cause of action alleges that the Union breached its contractual duties under the CBA. The CBA, however, requires that any challenges to the conduct of each party under the agreement must be disputed in arbitration. Plaintiff argues that the arbitration clause allows Plaintiff to elect whether it wants to proceed to arbitration. Courts in this Circuit faced with identical language in CBAs governed by the LMRA have upheld the validity of the arbitration clause. *See, e.g.*, *Newspaper Guild/CWA of Albany v. Hearst Corp.*, 645 F.3d 527, 533 (2d Cir. 2011) (affirming judgment granting Union's motion to compel arbitration); *Southside Hosp. v. New York State Nurse's Ass'n*, No. 15-CV-2282(JS)(GRB), 2017 WL 837673 (E.D.N.Y. Mar. 3,

2017) (confirming arbitration award); *Skyview Owners Corp. v. Serv. Emps. Int'l Union, Loc. 32BJ*, No. 04 CIV.4642 SAS, 2004 WL 2244223 (S.D.N.Y. Oct. 5, 2004) (denying employer's cross-motion to vacate arbitration and granting Union's motion to dismiss); *Diminich v. Hotel Emps. & Rest. Emps., Loc. 100*, No. 00CIV.2447 (JSM), 2000 WL 33179288 (S.D.N.Y. Dec. 22, 2000) (denying petitioner's request to stay arbitration).

The Court sees no reason to diverge from the district courts in this Circuit. Accordingly, the Court finds that Plaintiff's breach-of-contract claim is subject to arbitration.

***Plaintiff's Remaining Claims are Time-Barred.***

The timeliness of a petition to vacate an arbitration award brought under the LMRA is based on the appropriate state statute of limitations. *See Burns Int'l Sec. Servs. Inc. v. International Union*, 47 F.3d 14, 16 (2d Cir. 1994). New York's Civil Practice Law and Rules ("CPLR") 7511(a) mandates that a party seeking to vacate or modify an arbitration award file a petition to that effect within 90-days of delivery of the award.

Plaintiff requests that this Court void the arbitration proceedings and vacate the arbitration awards. Plaintiff argues that it was never served with the award and thus the awards were never delivered. This allegation does not appear in the pleadings. In fact, the First Amended Complaint attaches the Arbitration Awards at issue in this case, and each award is accompanied by an attestation from the arbitrator noting that the award was served on the Plaintiff. The awards were served on CEC on November 4 and November 5, 2019. As such, CEC had until February 3, 2020 to challenge the arbitration awards. This action was filed on February 14, 2020.

Although Plaintiff raises additional arguments in support of its motion. These arguments rely on facts beyond the pleadings, and the Court need not consider them. *See Viti v. Guardian*

*Life Ins. Co. of Am.*, 817 F. Supp. 2d 214, 223 (S.D.N.Y. 2011) ("Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a motion to dismiss, and thus complete discretion in determining whether to convert the motion to one for summary judgment." (alterations and citations omitted)).

The Court declines to consider the Declaration of Mosha Farris submitted by CEC in support of its motion legal memorandum and decides this Rule 12 motion based on the Amended Complaint. Accordingly, the Court must dismiss Plaintiff's remaining claims as time-barred.

***Plaintiff's Proposed Amendment is Futile.***

While the Second Circuit has recognized that "it is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013), "leave to amend need not be given" "where "a proposed amendment would be futile." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Plaintiff seeks leave solely to add the Benefits Fund as a party to the claim. This amendment would be futile as it does not solve the core defects of Plaintifff's case.

## CONCLUSION

Accordingly, Defendant's motion to dismiss is **GRANTED**. Plaintiff's motion to amend is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF Nos. 43, 45 and close this case.

**SO ORDERED.**
Dated:   March 29, 2022
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**